B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**La Huerta Norte, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**20-2295147** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**28W280 Oak Creek Ct.**<br>**West Chicago, IL**<br>ZIP Code **60185** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**DuPage** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

### Type of Debtor
(Form of Organization) (Check one box)
- [ ] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

### Chapter 15 Debtors
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

### Nature of Business
(Check one box)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

### Tax-Exempt Entity
(Check box, if applicable)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

### Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box)
- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

### Nature of Debts
(Check one box)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

### Filing Fee (Check one box)
- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

### Chapter 11 Debtors
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

### Statistical/Administrative Information
- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors
| [x] 1-49 | [ ] 50-99 | [ ] 100-199 | [ ] 200-999 | [ ] 1,000-5,000 | [ ] 5,001-10,000 | [ ] 10,001-25,000 | [ ] 25,001-50,000 | [ ] 50,001-100,000 | [ ] OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets
| [x] $0 to $50,000 | [ ] $50,001 to $100,000 | [ ] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities
| [ ] $0 to $50,000 | [ ] $50,001 to $100,000 | [x] $100,001 to $500,000 | [ ] $500,001 to $1 million | [ ] $1,000,001 to $10 million | [ ] $10,000,001 to $50 million | [ ] $50,000,001 to $100 million | [ ] $100,000,001 to $500 million | [ ] $500,000,001 to $1 billion | [ ] More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1)(04/13) <div style="float:right">Page 2</div>

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **La Huerta Norte, Inc.** |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____ <br> Signature of Attorney for Debtor(s)          (Date) |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13)                                                                                         Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **La Huerta Norte, Inc.** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Debtor

**X** _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney*

**X** **/s/ Kent A. Gaertner**
Signature of Attorney for Debtor(s)

**Kent A. Gaertner 3121489**
Printed Name of Attorney for Debtor(s)

**Kent A. Gaertner P.C.**
Firm Name

**400 S. County Farm Rd.**
**Suite #330**
**Wheaton, IL 60187**

_____
Address

**Email: kgaertner@springerbrown.com**
**(630) 510-0000  Fax: (630) 510-0004**
Telephone Number

**February 27, 2014**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** **/s/ Josefina Marquez**
Signature of Authorized Individual

**Josefina Marquez**
Printed Name of Authorized Individual

**President**
Title of Authorized Individual

**February 27, 2014**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

**X** _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 6 Summary (Official Form 6 - Summary) (12/13)

.

# United States Bankruptcy Court

## Northern District of Illinois

In re **La Huerta Norte, Inc.** ,

Debtor

Case No. _____

Chapter _____**7**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 41,225.96 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | 88,805.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 6 | | 54,392.41 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 15 | | | |
| Total Assets | | | 41,225.96 | | |
| Total Liabilities | | | | 143,197.41 | |

B 6 Summary (Official Form 6 - Summary) (12/13)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **La Huerta Norte, Inc.** _____,    Case No. _____

Debtor

Chapter _____**7**_____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | |
| Average Expenses (from Schedule J, Line 22) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

.

In re   **La Huerta Norte, Inc.**                                              ,   Case No. _____
                                                    Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

|  |  |  |
|---|---|---|
| Sub-Total > | **0.00** | (Total of this page) |
| Total > | **0.00** | |

__0__  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                                                Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

.

In re   **La Huerta Norte, Inc.**
_____,   Case No. _____
                                                Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | | **Cash remaining from proceeds from sale of business on 10/31/2013.** | - | 23,789.00 |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | | **Bulk Sales Stop Order escrow held by Attorney Robert McNees in connection with the asset sale by the Debtor occuring on 10/31/2013** | - | 17,436.96 |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | X | | | |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 41,225.96 |
| (Total of this page) | |

___**2**___ continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **La Huerta Norte, Inc.**                                                    ,    Case No. _____
                                               Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >    **0.00**
(Total of this page)

Sheet  __1__  of  __2__  continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **La Huerta Norte, Inc.**_____,    Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >          **0.00**
(Total of this page)
Total >          **41,225.96**

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re   **La Huerta Norte, Inc.**                                                          ,   Case No. _____
                                                    Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

   State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.
   List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.
   If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".
   If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)
   Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | | |
| Account No. **xx-xxx5147**<br><br>**Illinois Department of Revenue Bankruptcy Section Level 7-425 100 W. Randolph St. Chicago, IL 60602** | X | - | | | **10/31/2013**<br><br>**Bulk Sales Stop Order**<br><br>**Bulk Sales Stop Order escrow held by Attorney Robert McNees in connection with the asset sale by the Debtor occuring on 10/31/2013** | X | X | X | | |
| | | | | | Value $           17,436.96 | | | | **Unknown** | **Unknown** |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | Value $ | | | | | |

|   **0**   continuation sheets attached | Subtotal (Total of this page) | **0.00** | **0.00** |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | **0.00** | **0.00** |

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

B6E (Official Form 6E) (4/13)

.

In re     **La Huerta Norte, Inc.**                                                                   ,     Case No. _____

Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____**1**_____   continuation sheets attached

B6E (Official Form 6E) (4/13) - Cont.

In re    **La Huerta Norte, Inc.** _____ ,    Case No. _____

Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. **xx-xxx5147**<br><br>**Illinois Department of Revenue Bankruptcy Section Level 7-425 100 W. Randolph St. Chicago, IL 60602** | X | - | **2011 - 2013**<br><br>**Unpaid sales taxes** | | | | **88,805.00** | | **0.00**<br><br>**88,805.00** |
| Account No. **xx-xxx5147**<br><br>**Internal Revenue Service Mail Stop 5010 CHI 230 S. Dearborn St. Chicago, IL 60604** | | - | **2012 - 2013**<br><br>**Possible payroll taxes** | X | X | X | **Unknown** | | **Unknown**<br><br>**Unknown** |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |

| | | |
|---|---|---|
| Sheet __1__ of __1__ continuation sheets attached to Schedule of Creditors Holding Unsecured Priority Claims | Subtotal (Total of this page) | 0.00 |
| | | 88,805.00    88,805.00 |
| | Total (Report on Summary of Schedules) | 0.00 |
| | | 88,805.00    88,805.00 |

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

B6F (Official Form 6F) (12/07)

In re **La Huerta Norte, Inc.** , Case No. _____
_____
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**148 N. Gary LLC**<br>**148 N. Gary Av.**<br>**Carol Stream, IL 60188** | - | | **2013**<br>**Lease of premises at 172 N. Gary Av. Carol Stream, Il. 60188- unpaid utilities and possible other claims.** | X | X | X | **Unknown** |
| Account No. **xxxxxx   xxxx #xxxxxx09UB**<br><br>**Altus Global Recovery**<br>**43525 Ridge Park Dr.**<br>**Ste. #300**<br>**Temecula, CA 92590** | - | | **2013**<br>**Workman's Comp audit** | X | X | X | **671.00** |
| Account No. **xxxxxx xx x1009**<br><br>**American Express**<br>**P.O. Box 981535**<br>**El Paso, TX 79998-1535** | - | | **7/2013**<br>**Goods** | | | | **1,548.00** |
| Account No. **xxx1199**<br><br>**Bar S Foods**<br>**440 Mission St.**<br>**Carol Stream, IL 60188** | - | | **9/2013**<br>**Food Product** | | | | **700.00** |

| | | |
|---|---|---|
| **_5_** continuation sheets attached | Subtotal<br>(Total of this page) | **2,919.00** |

B6F (Official Form 6F) (12/07) - Cont.

In re    **La Huerta Norte, Inc.** _____,    Case No. _____
                                        Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **xxxx-xxxx-xxxx-8151** | | - | | 2013 Supplies | | | | |
| Bill Me Later P.O. Box 105658 Atlanta, GA 30348-5658 | | | | | | | | 1,535.00 |
| Account No. **xxxxx0463** | | - | | 2012 Business Insurance | | | | |
| Campbell, Hightower & Adams 4645 S. Lakeshore Dr. Ste. #11 Tempe, AZ 85282 | | | | | | | | 4,147.00 |
| Account No. **xx&x #xxxxxxxxx4659** | | - | | 2013 Phone | X | X | X | |
| Cisco, Inc. 1702 Townhurst Dr. Houston, TX 77043 | | | | | | | | 426.41 |
| Account No. **xxxxxx6031** | | - | | 10 & 11/ 2013 Utilities | | | | |
| Com Ed P.O. Box 6111 Carol Stream, IL 60197-6111 | | | | | | | | 1,688.00 |
| Account No. **xxx-xxx-xxx-xxx-0026** | | - | | 10/2013 Internet services | | | | |
| Comcast 1711 E. Wilson St. Batavia, IL 60510 | | | | | | | | 333.00 |

Sheet no. __1__ of __5__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    **8,129.41**

B6F (Official Form 6F) (12/07) - Cont.

In re  **La Huerta Norte, Inc.** _____ ,          Case No. _____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **xx&x #xxxxxxxx5368**  Diversified Adjustment Services 600 Coon Rapids Blvd. Coon Rapids, MN 55433 | - | | | 2012 Phone | X | X | X | 342.00 |
| Account No.  Efrain Cano  c/o Yolanda Carrillo Working Hands Legal Clinic 401 S. LaSalle St.  Ste. #1400 Chicago, IL 60605 | - | | | 2012 -2013 Claimed unpaid wages and overtime wages | X | X | X | Unknown |
| Account No. **xx-xxxx-6792**  Flood Bros. Disposal 17 W. 697 Butterfield Rd. Ste. #E Oakbrook Terrace, IL 60181 | - | | | 10/2013 Garbage | | | | 178.00 |
| Account No. **xxxxxxx-xx/ 34/ 36**  Hudson Energy P.O. Box 142109 Irving, TX 75014 | - | | | 10/2013 Utilities | | | | 4,596.00 |
| Account No. **xxxxx xx#xxxx2998**  Illinois Department of Public Healt 525-535 W. Jefferson St. Springfield, IL 62761-0001 | - | | | 7/2013 Permit | | | | 35.00 |

Sheet no. __**2**__ of __**5**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          **5,151.00**

B6F (Official Form 6F) (12/07) - Cont.

In re    **La Huerta Norte, Inc.**                                          ,    Case No. _____
                                                Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **xx0-010**<br><br>Illinois State Lottery<br>P.O. Box 19080<br>Springfield, IL 62794-9080 | - | | | 3/2013 - 4/2013<br>Unpaid lottery proceeds | X | X | X | 10,998.00 |
| Account No.<br><br>Jackson Lewis P.C.<br>150 N. Michigan Av.<br>Ste. #2500<br>Chicago, IL 60601 | - | | | 2013<br>Legal fees | | | | 5,776.00 |
| Account No. **La Huerta Norte**<br><br>Jasper Meats<br>220 Madsen Dr.<br>Bloomingdale, IL 60108 | | | | 7/2013<br>Food product | | | | 8,002.00 |
| Account No. **xxx. 1233**<br><br>JR Distribution Inc.<br>6801 W. 73rd St.<br>Ste. #1368<br>Bedford Park, IL 60499-1368 | - | | | 9/2013<br>Food Product | | | | 761.00 |
| Account No. **POS Portal/ La Huerta Norte**<br><br>McCarthy Burgess and Wolff<br>MB&W Bldg<br>26000 Cannon Rd.<br>Cleveland, OH 44146 | - | | | 2011<br>Credit card equipment | | | | 2,686.00 |

Sheet no. __3__ of __5__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

28,223.00

B6F (Official Form 6F) (12/07) - Cont.

In re  **La Huerta Norte, Inc.**                                          ,     Case No. _____
                                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **xxxxx #xxxxxx1000**<br><br>**Nicor**<br>**c/o Arnold, Scott & Harris P.C.**<br>**111 W. Jackson Blvd.  Ste. #600**<br>**Chicago, IL 60604** | - | | | 7/2013<br>Utilities | | | | 162.00 |
| Account No. **xxx5807**<br><br>**Orkin Commercial Services**<br>**603 E. Diehl Rd.**<br>**Ste. #124**<br>**Naperville, IL 60563-1452** | - | | | 10/2013<br>Services | | | | 71.00 |
| Account No. **xxx1-791**<br><br>**Power Distributing LLC**<br>**185 Industrial Dr.**<br>**Elmhurst, IL 60126** | | | | 7/2013<br>Food Product | | | | 325.00 |
| Account No. **xxxxx-xxx-xx8-690**<br><br>**Tyco Integrated Security, LLC**<br>**10405 Crosspoint Blvd.**<br>**Indianapolis, IN 46256** | - | | | 5/2013<br>Alarm monitoring | | | | 720.00 |
| Account No. **xxx4000**<br><br>**V&V Supremo Foods, Inc.**<br>**2141 S. Throop St.**<br>**Chicago, IL 60608** | - | | | 9/2013<br>Food Product | | | | 826.00 |

Sheet no. __4__ of __5__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

2,104.00

B6F (Official Form 6F) (12/07) - Cont.

In re **La Huerta Norte, Inc.** ,                              Case No. _____
                                        Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxx xx0761**<br><br>**Vigo Money Transfers**<br>**Western Union Financial Services**<br>**1301 International Pkwy  4th Flr**<br>**Sunrise, FL 33323** | - | | **6/2013**<br>**Wire transfers** | | | | **7,866.00** |
| Account No.<br><br>**Yuly Garcia-Sandoval**<br>**c/o Yolanda Carrillo- Working Hands**<br>**401 S. LaSalle St. #1400**<br>**Chicago, IL 60605** | - | | **2012 - 2013**<br>**Claimed unpaid wages and unpaid overtime** | X | X | X | **Unknown** |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

| | | |
|---|---|---|
| Sheet no. __5___ of __5___ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal<br>(Total of this page) | **7,866.00** |
| | Total<br>(Report on Summary of Schedules) | **54,392.41** |

B6G (Official Form 6G) (12/07)

.

In re    **La Huerta Norte, Inc.** _____ ,    Case No. _____
Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
| --- | --- |
| | |

0
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

.

In re    **La Huerta Norte, Inc.**                                              ,    Case No. _____
                                   Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed
by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state,
commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or
Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of
any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used
by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor,
state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not
disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Jose M. Martinez**<br>**2643 162nd Pl.**<br>**Hammond, IN 46323** | **Illinois Department of Revenue**<br>**Bankruptcy Section Level 7-425**<br>**100 W. Randolph St.**<br>**Chicago, IL 60602** |
| **Jose Martinez**<br>**2643 162nd Pl.**<br>**Hammond, IN 46323** | **Illinois Department of Revenue**<br>**Bankruptcy Section Level 7-425**<br>**100 W. Randolph St.**<br>**Chicago, IL 60602** |
| **Josefina Marquez**<br>**28 W. Oak Creek Ct.**<br>**West Chicago, IL 60185** | **Illinois Department of Revenue**<br>**Bankruptcy Section Level 7-425**<br>**100 W. Randolph St.**<br>**Chicago, IL 60602** |
| **Josefina Marquez**<br>**28 W. 280 Oak Creek Ct.**<br>**West Chicago, IL 60185** | **Illinois Department of Revenue**<br>**Bankruptcy Section Level 7-425**<br>**100 W. Randolph St.**<br>**Chicago, IL 60602** |

**0**
_____ continuation sheets attached to Schedule of Codebtors

**B6 Declaration (Official Form 6 - Declaration). (12/07)**

# United States Bankruptcy Court
## Northern District of Illinois

In re  **La Huerta Norte, Inc.** _____      Case No. _____
                                          Debtor(s)       Chapter      **7**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the President of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ____**17**____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **February 27, 2014** _____      Signature  **/s/ Josefina Marquez** _____
                                                          **Josefina Marquez**
                                                          **President**

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Northern District of Illinois

In re  **La Huerta Norte, Inc.**                              Case No.
                        Debtor(s)            Chapter      **7**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $0.00 | **2014- Zero.  Debtor did not operate** |
| $450,000.00 | **2013- Debtor's accountant is in process of preparing the 2013 taxes. This figure not known at time of filing but was approximately $45,000/month gross before cost of goods sold through sale of the business** |
| $900,000.00 | **2012- Debtor's accountant is in process of preparing the 2013 taxes. This figure not known at time of filing but was approximately $75,000/month gross before cost of goods sold through sale of the business.** |

B7 (Official Form 7) (04/13)
2

---

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                    SOURCE

---

**3. Payments to creditors**

None
■

***Complete a. or b., as appropriate, and c.***

a.    *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
☐

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Josefina Marquez**<br>**28W280 Oak Creek Ct.**<br>**West Chicago, IL 60185**<br>    **President/Shareholder** | **Monthly disbursements 3/1/2013 to 10/31/2013 averaging $1,700/month for personal expenses and car payment.  No disbursement 11/1/2013 thru 1/31/2014. One final disbursement of $1,960 2/2014 for wages during final sale and shutdown of business made from proceeds of sale.** | **$15,560.00** | **$0.00** |

---

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Software Copyright (c) 1996-2013 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

B7 (Official Form 7) (04/13)
3

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Jose Martinez**<br>**2643 162nd Pl.**<br>**Hammond, IN 46323**<br>  **Vice President/Shareholdr** | **Monthly disbursements 3/1/2013 to 10/31/2013 averaging $1,700/month for personal expenses and car payment.  No disbursement 11/1/2013 thru 1/31/2014. One final disbursement of $3,400 2/2014 for wages during final sale and shutdown of business made from proceeds of sale.** | **$17,000.00** | **$0.00** |

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐  a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Yuly Garcia Sandoval and Efrain Cano v. Debtor 13 CV 01184** | **Claim for unpaid wages and unpaid overtime wages** | **U.S. District Court, N.D. IL.** | **Pending** |

None ■  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5. Repossessions, foreclosures and returns**

None ■  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6. Assignments and receiverships**

None ■  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

B7 (Official Form 7) (04/13)
4

| None ■ | b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |
|---|---|

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7. Gifts

| None ■ | List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |
|---|---|

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses

| None ☐ | List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |
|---|---|

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| Groceries and food merchandise- $8900. | Employee theft.  Not reported to insurance. | 1/2011 to 8/2013. |

### 9. Payments related to debt counseling or bankruptcy

| None ☐ | List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case. |
|---|---|

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Kent A. Gaertner P.C. 400 S. County Farm Rd. Suite #330 Wheaton, IL 60187 | 2/19/2014 | $4,500.00 + $306 filing fee. |
| Robert A. McNees and Assoc 195 Hiawatha Dr. Carol Stream, IL 60188-1774 | 4/2013 to 10/2013 | $3,350 |

### 10. Other transfers

| None ☐ | a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |
|---|---|

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Rebeca Cabral c/o Attorney Louis Aranda Hunt, Kaiser, Aranda & Subach 1035 S. York Rd. Bensenville, IL 60106  None- Unrelated 3rd Party Purchaser | 10/31/13 | All assets of Debtor as described in contract for sale dated 9/3/2013- Debtor received $100,000 sales price.  Contract and closing statement attached as SOFA #10 Addedum. |

B7 (Official Form 7) (04/13)
5

None
■
b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

---

**11.  Closed financial accounts**

None
☐
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |
| **JP Morgan Chase**<br>**P.O. Box 659754**<br>**San Antonio, TX 78265-2093** | **Checking account ending in #1605** | **1/2014  zero balance** |
| **JP Morgan Chase**<br>**See Above** | **Checking account ending in #1395** | **Closed 11/2013  Zero balance** |

---

**12.  Safe deposit boxes**

None
■
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

---

**13.  Setoffs**

None
■
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

---

**14.  Property held for another person**

None
■
List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

---

**15.  Prior address of debtor**

None
☐
If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |
| **172 N. Gary Av.  Carol Stream, Il.** | **Debtor** | **1/2011 to 10/31/2013** |

B7 (Official Form 7) (04/13)
6

### 16. Spouses and Former Spouses

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

### 18 . Nature, location and name of business

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

B7 (Official Form 7) (04/13)
7

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None
■    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None
☐    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------------------|--------------------------|
| **Edwin E. Fromer CPA**<br>**277 W. Elk Trail**<br>**Carol Stream, IL 60188** | **2012 to date** |
| **Israel Mejia, CPA**<br>**2009 Eldorado Dr.**<br>**Geneva, IL 60134** | **2011 - 2012** |

None
■    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|--------------------------|

None
☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|
| **Edwin E. Fromer** | **See Above** |
| **Josefina Marquez** | **See Above** |

None
■    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|

B7 (Official Form 7) (04/13)

8

**20. Inventories**

None
☐   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|
| 1/3/13 | **Josefina Marquez and National Inventory** | **92,000** |

None
☐   b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|
| 1/3/13 | **Josefina Marquez** |

**21 . Current Partners, Officers, Directors and Shareholders**

None
■   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None
☐   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **Josefina Marquez**<br>**28 W. 280 Oak Creek Ct.**<br>**West Chicago, IL 60185** | **President/ Shareholder** | **50% of all issued and outstanding stock** |
| **Jose Martinez**<br>**2643 162nd Pl.**<br>**Hammond, IN 46323** | **Vice President/Shareholder** | **50% of issued and outstanding stock** |

**22 . Former partners, officers, directors and shareholders**

None
■   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
■   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

B7 (Official Form 7) (04/13)

9

**24. Tax Consolidation Group.**

None
■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                          TAXPAYER IDENTIFICATION NUMBER (EIN)

\* \* \* \* \* \*

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date    **February 27, 2014**                    Signature    **/s/ Josefina Marquez**

**Josefina Marquez**
**President**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

*~~Rinne Affairs~~* AFFAIRS

Addendum TO #10

## *BUSINESS ASSETS SALES AGREEMENT*

JM JM

**THIS SALES AGREEMENT** ("Agreement") made and entered into this __3 RD.__ day of
(hereinafter collectively referred to as "Seller's
September, 2013, by and between JOSEFINA MARQUEZ, JOSE M. MARTINEZ and LA Shareholders
HUERTA NORTE, INC. (hereinafter called "Seller"), and REBECA CABRAL or her assignee
(hereinafter called "Purchaser").

### WITNESSETH:

**WHEREAS**, the Seller is the sole owner of the fixtures and equipment listed in Exhibit "A"
attached hereto (hereinafter called the "Equipment"), all of which are presently located on the
business premises located at 172 N. Gary Avenue, Carol Stream, Illinois 60188 (the "Property");
and,

**WHEREAS**, the Seller desires to sell to the Purchaser, and the Purchaser desires to purchase
the assets of the subject grocery store and restaurant business on the following terms and conditions
and to operate a similar business on the Property;

**NOW, THEREFORE**, in consideration of the mutual covenants, conditions and promises
hereinafter set forth, the sufficiency of which is mutually acknowledged, the parties agree as follows:

1.    **ASSETS TO BE PURCHASED AND SOLD:** The Seller agrees to convey to
Purchaser, at the time of closing, by a duly executed Bill of Sale and other ancillary documents, the
following described assets of the Seller's subject business:

    (a)    The fixtures and equipment listed in Exhibit "A" attached hereto;

    (b)    Existing Inventory at normal operating level;

JM JM

     (c)   Seller's right and interest in its present telephone and fax numbers and name, "LA HUERTA NORTE", its listing in telephone books and websites and the goodwill connected with the subject business, including customer lists and customer data.

     (d)   Covenant not to compete per paragraph 8.

     (e)   All other assets of the grocery store and restaurant business with the exception of accounts receivable, assets receivable and cash on hand at the time of closing.

2.   **PURCHASE PRICE:**  The total purchase price, inclusive of the existing inventory, for the aforementioned business assets shall be the sum of One Hundred Thousand Dollars ($100,000.00).

3.   **PAYMENT OF THE PURCHASE PRICE:**  Payment of the purchase price for the various assets, as described in Paragraph 1 above, shall be made by Purchaser as follows:

     (a)   The Purchaser shall deposit with the Seller's Attorney the sum of One Thousand Dollars ($1000.00) as earnest money to be held for the benefit of the parties and which shall be applied towards the purchase price at the time of closing or in the event that this contract is terminated by the Purchaser as provided for under the Contract, then the earnest money shall be refunded to the Purchaser.

     (b)  At closing, Purchaser shall pay to the Seller the Balance of the purchase price of Ninety-Nine Thousand Dollars($99,000.00) by certified or cashier's check, plus

-2-

JM

Jᵢₙ

or minus prorations.

4. **CLOSING:** The closing shall take place at a mutually agreeable time and location, on or before seven (7) days after all contingencies are fully satisfied, provided all documentation is available. At such closing, the Seller shall deliver to Purchaser all documents and tender all performances required of them by this Agreement and execute and deliver such further instruments and do such further acts as may be required or useful to carry out the intent and purposes of this Agreement in order to transfer and/or perfect title to the business assets, and Purchaser shall pay to the Seller, by certified or cashier's check, the remaining portion of the purchase price due at closing.

5. **BULK SALES; STOP ORDERS:** Seller shall also order Stop Orders from the Illinois Department of Revenue and the Illinois Unemployment Security Department. If Stop Orders are issued by the Illinois Department of Revenue or the Illinois Unemployment Security Department, then cash from the payments due under Paragraph 3 above, in the sum of such Stop Orders shall be withheld and retained in escrow by the Seller's attorney, as escrowee, until a final determination has been reached by the departments or determination by the departments that the Seller is not subject to sales or use tax or unemployment tax, at which time such cash held in escrow shall be delivered to Seller.

6. **SELLER'S WARRANTIES:** Seller states to the best of Seller's knowledge that the following are or shall be true and correct on the date of this Agreement and will continue to be true

-3-

and correct on each day until and including the date of closing.

Such warranties shall survive the closing of this transaction:

(a) Agreements. This agreement and the performance of its terms will not conflict with, result in a breach of the terms and conditions of, accelerate any provision of, or constitute a default under, any contract or agreement to which Seller is now, or may become a party.

(b) Organization. Seller is the sole owner of the business assets being sold herein. The Seller has full power to execute this Sales Agreement.

(c) Status. If the Seller is a corporation, it must be duly organized and in good standing under the laws of the State of Illinois, and be duly authorized to do business in Illinois. The Seller will provide a Certificate of Good Standing at the closing hereof.

(c) Compliance with Law. Seller has fully complied with, and is not, by virtue of the making of this Agreement or carrying out its provisions, in violation of any and all laws, regulations and orders which may be applicable to the assets, properties, rights and interests to be sold to Purchaser hereunder, or the manner in which such purchase and sale is to be effectuated hereunder.

(e) Title to Assets. Seller has, and will by virtue of the terms of this Agreement, convey to Purchaser, and Purchaser will acquire, by virtue of the carrying out of this agreement, good and absolute title to all assets, properties, rights and interests to be sold to Purchaser hereunder, subject to no mortgage, pledge, lien, security interest, claim, charge or encumbrance of any nature, including but not limited to, any and all claim asserted by creditors pursuant to the Bulk Sales Act of the State of Illinois or any governmental claims or liens for unpaid personal property, withholding, income, sales or other taxes.

(f) Litigation and Claim. There is no action, proceeding or investigation pending or threatened against the Seller or any part of the assets, properties, rights or interest to be sold hereunder, before any court, governmental department, commission, board, agency or instrumentality, nor does Seller know or have any reason or reasonable grounds to know of any basis for any such action, proceeding or investigation which would in any manner affect Seller's ability to transfer, or the

—4—

Purchaser's receipt of full, free, clear and unencumbered title to the equipment, properties, rights and interests to be sold hereunder.

(g) Validity of Documents.   This Agreement, and any other documents or instrument otherwise required to be delivered to Purchaser in connection with this Agreement or the carrying out of its terms and intent, will have been duly authorized and executed by the proper parties, and will be valid, binding and enforceable in accordance with their terms and provisions, and create, establish and accomplish the legal rights and obligations that they purport to create, establish and accomplish, and Seller shall have no defense or knowledge of any fact or matter of law known to other persons which would render such documents less binding, enforceable, valid or meaningful than they otherwise would be or could reasonably be believed to be.

(h) Collective Bargaining Agreements.   Seller is not a party to any written or oral contract with any labor union representing or purporting to represent persons employed by the business; continuing contract or agreement for the purchase or sale of material, supplies, services, machinery, or equipment by or in connection with the business conducted by Seller; agreement for the purchase or sale of equipment or machinery by or in connection with the business; distributor, sales agency, franchise agreement or commission contract relating to the business.

(i) Condition of Equipment.   All of said business assets, including those listed in Exhibit "A" are to be conveyed in good operating condition.

(j) The Seller represents that they are not aware of any issues outstanding or matters pending that would cause or threaten to cause a dramatic increase in the monthly expenses of the subject business in the near future.

(k) The Seller represents that they have not received any written or oral notice from the Landlord advising them that the Landlord will be significantly raising the rent or that the Landlord will seek to terminate the Lease for the subject business.

(l) The Seller represents that they have not received any written or oral notice from any governmental agency threatening the condemnation of the subject business premises and/or the change of zoning or

-5-

permitted use which would adversely affect the
subject business and/or Property.

(m) Seller agrees to conduct the subject grocery store
business in the ordinary course of business through
the day of closing and use all reasonable efforts
to maintain and preserve relations with the
customers, suppliers, employees and others having
business relationships with the business, and to
maintain the same level of inventory as that which
the business runs normally.

7. **PURCHASER'S WARRANTIES:** Purchaser represents and warrants to
Seller that the following are true and correct on the date of this
Agreement, and will continue to be true and correct on each day
until and including the closing, as though made on and as of each
day, unless written notice to the contrary is given to Seller.
Such warranties shall survive the closing of this Agreement.

(a) Agreements: This Agreement will not conflict with,
result in a breach of the terms and conditions of,
accelerate any provision of, or constitute a default
under, any contract or agreement to which Purchaser is
now, or may become a party.

(b) Compliance with Law: Purchaser has fully complied
with, and is not, by virtue of the making of this
Agreement or carrying out its provisions, in violation of
any and all laws, regulations and orders which may be
applicable to the manner in which such purchase and sale
is to be effectuated hereunder.

(c) Litigation and Claims:    There is no action,
proceeding or investigation pending or threatened against
Purchaser before any court, governmental department,
commission, board, agency or instrumentality, nor does
Purchaser know, or have reasonable grounds to know, of
any basis for such action, proceeding or investigation
which would in any manner affect Purchaser's ability to
close the transaction contemplated under the terms of
this Agreement.

(d) Validity of Documents:    This Agreement, and any
other documents or instruments otherwise required to be
delivered to Seller in connection with this Agreement or
the carrying out of its terms and intent, will have been
duly authorized and executed by Purchaser, and will be
valid, binding and enforceable against Purchaser in

-6-

accordance with their terms and provisions, and create,
establish and accomplish the legal rights and obligations
that they purport to create, establish and accomplish,
and Purchaser shall have no defense or knowledge of any
fact or matter of law, invalid in whole or in part.

8.   **COVENANT NOT TO COMPETE:**  The Seller and its shareholders
agree that for a period of five (5) years after the subject
closing, it will not compete in any capacity in a similar grocery
store and restaurant business against the Purchaser within a five
(5) mile radius. This covenant shall include, but not be limited
to, acting as an employee, stockholder, director, officer,
salesperson or independent contractor for any entity that is in a
similar business as the subject grocery store and restaurant
business being transferred.    In the event of any breach of this
covenant, the Purchaser may seek any legal recourse including but
not limited to injunctive relief and be entitled to any and all
attorney's fees and costs if Purchaser prevails in said litigation.

9.   **CONDITIONS AND OBLIGATIONS:**  The obligations of Purchase
to close this transaction are subject to the following conditions,
any one or more of which Purchaser may, at his election and upon
written notice to Seller, waive; however, if any one or more of
these conditions are not satisfied by the time of closing, then the
Purchaser shall be entitled to a full refund of its earnest money
instanter:

(a)   Documents:  Seller shall have delivered or cause to
be delivered to Purchaser or Purchaser's agent, at its
own expense, the following items on or before closing
(however, Seller will not order any documents below until
all contingencies are satisfied by Purchaser):

(i)   Lien Searches.  A search of Seller's names, to

-7-

wit: ~~Josefina Marquez, Jose M. Martinez and~~ La *JM* *SM*
Huerta Norte, Inc., disclosing that, as of a date
not more than twenty (20) days prior to closing,
there are no unreleased financing statements on
file and not lapsed, in the Office of the Recorder
of Deeds of the County in which the business is
located or in the Office of the Secretary of State
of Illinois, and there are no unsatisfied
judgments, legal proceedings or unreleased tax
liens, with respect to, or which would adversely
affect Purchaser's receipt of free and encumbered
title to the assets to be sold to Purchaser
hereunder.

(ii) Resolutions (if applicable).  Duly certified
resolutions of the Directors and Shareholders of
the corporation authorizing the execution and
performance of the Sales Agreement by the
corporation, if Seller is a corporation.

(iii)Assignable Warranties.  Seller shall assign
and deliver to Purchaser all manufacturer's or
Seller's warranties for any of the equipment listed *JM*
on Exhibit "A" in Seller's possession.
                                                   *SM*

(iv) Illinois Certificate of Good Standing for the
corporation, if the Seller is a corporation.

(v)  Warranty Bill of Sale for all of the assets.

(vi) A Sworn List of Creditors and Affidavit that
all such creditors are current and paid in *JM*
full.
                                          *SM*

(b)  This Agreement is also contingent upon the Purchaser
receiving a transfer or approval for all permits,
licenses and certifications for the subject business.

(c)  The Seller shall obtain a certification from the
Village of Carol Stream Building Department stating that
no violations or outstanding repairs exist in the subject *JM*
leased premises.
                                                          *SM*

(d)  This Agreement is also contingent upon the Purchaser
obtaining an acceptable new Lease.

(e)  This Agreement is subject to the Seller confirming
that all employees are at will employees and that the
Seller has paid to all such employees all accrued
vacation, sick/personal days, benefits and all other
payments due them through the date of closing.

10.  **INDEMNIFICATIONS:**  Seller agrees to indemnify, defend and

*SM*

*JM*

hold Purchaser harmless from and against any and all costs and
expenses, including attorney's fees and court costs, incurred by
Purchaser in connection with the prosecution, defense, settlement
or payment of any claim, demand, action or proceeding arising out
of or in connection with any liens against the business assets
being sold hereunder and any breach by Seller of any provision or
warranty of this Agreement or enforcement of this Agreement.
Likewise, Purchaser agrees to indemnify, defend and hold harmless
Seller from and against any and all costs and expenses, including
attorney's fees and court costs incurred by Seller in connection
with any such prosecution or proceeding in connection with breach
by Purchaser of any provision or warranty of this Agreement or
enforcement of this Agreement, including any such actions
attributable to the Buyer's operation of the business after
closing.   It is understood and agreed that all the debts or
liabilities against the equipment and fixtures being sold hereunder
of whatever kind or nature, which occurred on or before the closing
date, shall be the liability of the Seller. Purchaser shall give
Seller notice of the nature of any claim for indemnification
hereunder promptly upon receipt of knowledge of the fact upon which
such claim is based.   Seller shall have the right to conduct the
defense of any claim or action against Purchaser or the business as
to which Seller acknowledges in writing, within fourteen (14) days
after receipt of notice thereof from Purchaser, that Seller is
liable to indemnify Purchaser under this paragraph, provided the
claim or action is prima facie valid.   In defending, comprising or
settling any claim or action, Seller shall diligently conduct the

-9-

defense and shall exercise due regard to the continuing business
interest of the Purchaser. In the event Seller refused to defend
any such claim or action or in the event Seller defends any such
claim or action or in the event Seller defense any such claim or
action but the claim or action is not resolved within six (6)
months after Seller receives the notice from the Purchaser provided
for herein, Purchaser shall have the right to hold Seller liable
for same.

11. **ASSUMPTION OF LIABILITIES:**

A.   Purchaser assumes none of the liabilities and obligations
of Seller.

12. **NOTICES:** Any and all notices sent pursuant to the terms
and conditions of this contract shall be as follows, to wit:

A.   All notices shall be personally delivered or by first
class registered mail, return receipt requested, with proper
postage affixed and property addressed, or via facsimile.

B.   All notices shall be sent to the parties as follows:

    To the Seller:              Josefina Marquez & Jose M.
                                Martinez
                                La Huerta Norte, Inc.
                                172 N. Gary Avenue
                                Carol Stream, IL  60188.

c/o Robert A. McNees, 195 Hiawatha Dr., Carol Stream, IL 60188.  Fax # 630-665-5260    JM JM

    To the Purchaser:           Rebeca Cabral
                                c/o Louis B. Aranda
                                Attorney at Law
                                1035 S. York Road
                                Bensenville, IL   60106
                                Fax #(630)860-8283

unless otherwise directed, in writing, by the party wishing to
change the same.

13.  **BINDING EFFECT:**  All of the provisions of this contract shall be binding upon and inure to the benefit, and be enforceable by, the heirs, personal representatives, successors and assigns of the parties hereto.

14.  **GOVERNING LAW; VENUE:**  This Agreement is executed in the State of Illinois, and is intended to be performed in Illinois, and shall be governed in accordance with and interpreted under the laws of the State of Illinois.

15.  **SEVERABILITY:**  The invalidity of any provision of this Agreement shall not impair or otherwise adversely affect the validity of any other provision.  If any provision of this Agreement is determined by a Court of competent jurisdiction to be unenforceable, the provision will be deemed severed and the Agreement shall be otherwise enforced with the provision severed or as modified by the Court.

**IN WITNESS WHEREOF,** the parties have set their hands and seals on the date first set forth above.

**SELLER:**                                          **PURCHASER:**

_____                    _____
Josefina Marquez                                    Rebeca Cabral

_____
Jose M. Martinez

_____
La Huerta Norte, Inc.
By Its Authorized Agent

—11—

<u>ASSIGNMENT</u>

THIS ASSIGNMENT (the "Assignment") is made as of this $\underline{3}$ day of October, 2013, from La Huerta Norte, Inc. ("Assignor"), to Rebeca Cabral ("Assignee").

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, Assignor hereby sells, assigns, transfers and conveys to Assignee all of Assignor's right, title and interest in and to the assets described in the attached Exhibit A.

Assignor hereby represents and warrants to Assignee that Assignor is the absolute owner of said property, that said property is free and clear of all liens, charges and encumbrances, and that Assignor has full right, power and authority to sell said personal property and to make this Assignment. All warranties of quality, fitness, and merchantability are hereby excluded.

This Assignment is given in connection with the Closing of the transactions contemplated by that certain Purchase Agreement between Assignor and Assignee dated as of September 3, 2013.

IN WITNESS WHEREOF, Assignor has caused this Assignment to be executed all as of the day and year first written above.

La Huerta Norte, Inc.

By: _____
Josefina Marquez, President

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF DUPAGE )

SUBSCRIBED and SWORN to
before me this _____ day
of _____, 2013.

_____
Notary Public

"OFFICIAL SEAL"
Steven M. Kudulis
Notary Public, State Of Illinois
My Commission Expires 7/17/2017

ASSIGNMENT

EXHIBIT "A"

1) Good will of Assignor

2) Tradenames – La Huerta Norte

3) Phone & fax number(s) of Assignor: 630-588-8358

4) Advertising of Assignor

## EXHIBIT A.

1. 2 office desks
2. 1 armless chair
3. 1 black floor rug
4. 1 brown floor rug
5. office shelves
6. security cameras and monitor
7. canon printer
8. scale for packaging
9. scale for masa
10. corn steamer
11. portable electric corn stove
12. 2 cutting tables for corn station
13. small hand sink
14. radio
15. packaging cabinet
16. 2 Sharp cash registers w scanners
17. 1 fax machine
18. 4 telephones
19. 2 register scales
20. chicken roaster
21. meat label printing scale
22. heat lamp
23. meat band saw
24. meat tenderizer machine
25. ham slicer
26. meat fillet machine
27. 3 compartment steamer
28. microwave
29. 2 door reach in fridge
30. flat grill top
31. meat walk in cooler
32. veggie walk in cooler
33. soda/milk walk in
34. stand alone floor burner
35. 1 credit card machine
36. 1 link machine
37. bread case
38. dining: 9 tables 6 booths 6 chairs
39. veggie hanging scale
40. dry chile station scale
41. meat grinder

1

42. ice machine
43. hot plastic meat wrapper
44. plastic bag sealer
45. hot carnitas display
46. meat display case
47. vegetable floor display cooler
48. miscellaneous pots, pans and kitchen utensils
49. 6 burner stove with oven
50. 2 door reach in freezer
51. 3 sliding door freezer
52. 1 hand Dolly
53. 3 mop bucket / wringers
54. office safe
55. jewelery display case
56. 2 checkout counters
57. 1 filing cabinet
58. veggie cart
59. 24 feet metal gondola shelving
60. employee time clock
61. open sign
62. wet/dry vacuum

2

# CLOSING STATEMENT
## LA HUERTA NORTE, INC.
### 152 W. GARY AVE.
### CAROL STREAM, ILLINOIS

**SELLER:**

La Huerta Norte, Inc.

**BUYER:**

Rebeca Cabral

**DATE OF CLOSING:**   October 31, 2013

## SELLER'S CLOSING STATEMENT

|  | Buyer's Credits | Seller's Credits |
|---|---|---|
| Purchase Price |  | $100,000.00 |
| Earnest Money | $ 1,000.00 |  |
| Robert A. McNees ($2,500-$1,000) | $ 1,500.00 |  |
| Bulk Sales Escrow | $17,436.96 |  |
| 148 N. Gary, LLC rent – sec dep | $33,773.10 |  |
| Dearborn Wholesale Grocers, Inc. | $ 7,220.90 |  |
| Total Deductions |  | ($60,930.96) |
| Cash to Seller at Closing |  | $39,069.04 |

## BUYERS' CLOSING STATEMENT

| | |
|---|---|
| Purchase Price | $100,000.00 |
| Earnest Money | ($ 1,000.00) |
| Total Funds needed to close | $99,000.00 |

## DISBURSEMENTS

| | |
|---|---|
| La Huerta Norte, Inc. | $39,069.04 |
| 148 N. Gary LLC | $33,773.10 |
| Dearborn Wholesale Grocers, Inc. | $ 7,220.90 |
| Robert A. McNees, Bulk Sales Escrow | $17,436.96 |
| Robert A. McNees, fees | $ 1,500.00 |
| Total | $99,000.00 |

SELLER:                                      BUYER:

La Huerta Norte, Inc.

By: _Josefina Marquez_ President          _Rebeca Cabral_
    Josefina Marquez                       Rebeca Cabral

-1-

## United States Bankruptcy Court
### Northern District of Illinois

In re  **La Huerta Norte, Inc.**                                    Case No.

_____
                                        Debtor(s)        Chapter    **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that
     compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to
     be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

|  |  |  |
|---|---|---|
| For legal services, I have agreed to accept | $ | **4,500.00** |
| Prior to the filing of this statement I have received | $ | **4,500.00** |
| Balance Due | $ | **0.00** |

2.   $ **306.00** of the filing fee has been paid.

3.   The source of the compensation paid to me was:

   ■ Debtor        ☐ Other (specify):

4.   The source of compensation to be paid to me is:

   ■ Debtor        ☐ Other (specify):

5.   ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A
      copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d.  [Other provisions as needed]

7.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

**CERTIFICATION**

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in
this bankruptcy proceeding.

Dated:   **February 27, 2014**                          **/s/ Kent A. Gaertner**
                                                        **Kent A. Gaertner 3121489**
                                                        **Kent A. Gaertner P.C.**
                                                        **400 S. County Farm Rd.**
                                                        **Suite #330**
                                                        **Wheaton, IL 60187**
                                                        **(630) 510-0000   Fax: (630) 510-0004**
                                                        **kgaertner@springerbrown.com**

---

# United States Bankruptcy Court
## Northern District of Illinois

In re  **La Huerta Norte, Inc.**

Debtor(s)

Case No.

Chapter    **7**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:                                                **36**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:    **February 27, 2014**

**/s/ Josefina Marquez**

**Josefina Marquez/President**
Signer/Title

148 N. Gary LLC
148 N. Gary Av.
Carol Stream, IL 60188


Altus Global Recovery
43525 Ridge Park Dr.
Ste. #300
Temecula, CA 92590


American Express
P.O. Box 981535
El Paso, TX 79998-1535


Bar S Foods
440 Mission St.
Carol Stream, IL 60188


Bill Me Later
P.O. Box 105658
Atlanta, GA 30348-5658


Campbell, Hightower & Adams
4645 S. Lakeshore Dr.
Ste. #11
Tempe, AZ 85282


Christopher J. Williams
Workers' Law Offices
401 S. LaSalle St.  Ste. #1400
Chicago, IL 60605


Christopher J. Williams
Workers' Law Offices
401 S. LaSalle St.  Ste. #1400
Chicago, IL 60605


Cisco, Inc.
1702 Townhurst Dr.
Houston, TX 77043


Com Ed
P.O. Box 6111
Carol Stream, IL 60197-6111

Comcast
1711 E. Wilson St.
Batavia, IL 60510


Diversified Adjustment Services
600 Coon Rapids Blvd.
Coon Rapids, MN 55433


Efrain Cano  c/o Yolanda Carrillo
Working Hands Legal Clinic
401 S. LaSalle St.  Ste. #1400
Chicago, IL 60605


Flood Bros. Disposal
17 W. 697 Butterfield Rd.
Ste. #E
Oakbrook Terrace, IL 60181


Hudson Energy
P.O. Box 142109
Irving, TX 75014


Illinois Department of Public Healt
525-535 W. Jefferson St.
Springfield, IL 62761-0001


Illinois Department of Revenue
Bankruptcy Section Level 7-425
100 W. Randolph St.
Chicago, IL 60602


Illinois Department of Revenue
Bankruptcy Section Level 7-425
100 W. Randolph St.
Chicago, IL 60602


Illinois State Lottery
P.O. Box 19080
Springfield, IL 62794-9080


Internal Revenue Service
Mail Stop 5010 CHI
230 S. Dearborn St.
Chicago, IL 60604

Jackson Lewis P.C.
150 N. Michigan Av.
Ste. #2500
Chicago, IL 60601


Jasper Meats
220 Madsen Dr.
Bloomingdale, IL 60108


Jose M. Martinez
2643 162nd Pl.
Hammond, IN 46323


Jose Martinez
2643 162nd Pl.
Hammond, IN 46323


Josefina Marquez
28 W. Oak Creek Ct.
West Chicago, IL 60185


Josefina Marquez
28 W. 280 Oak Creek Ct.
West Chicago, IL 60185


JR Distribution Inc.
6801 W. 73rd St.
Ste. #1368
Bedford Park, IL 60499-1368


McCarthy Burgess and Wolff
MB&W Bldg
26000 Cannon Rd.
Cleveland, OH 44146


Nicor
c/o Arnold, Scott & Harris P.C.
111 W. Jackson Blvd.  Ste. #600
Chicago, IL 60604


Orkin Commercial Services
603 E. Diehl Rd.
Ste. #124
Naperville, IL 60563-1452

Power Distributing LLC
185 Industrial Dr.
Elmhurst, IL 60126


Tyco Integrated Security, LLC
10405 Crosspoint Blvd.
Indianapolis, IN 46256


United Recovery Systems
P.O. Box 722929
Houston, TX 77272-2929


V&V Supremo Foods, Inc.
2141 S. Throop St.
Chicago, IL 60608


Vigo Money Transfers
Western Union Financial Services
1301 International Pkwy  4th Flr
Sunrise, FL 33323


Yuly Garcia-Sandoval
c/o Yolanda Carrillo- Working Hands
401 S. LaSalle St. #1400
Chicago, IL 60605

# United States Bankruptcy Court
## Northern District of Illinois

In re   **La Huerta Norte, Inc.**

Debtor(s)

Case No.

Chapter   **7**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **La Huerta Norte, Inc.**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**February 27, 2014**

Date

**/s/ Kent A. Gaertner**

**Kent A. Gaertner 3121489**

Signature of Attorney or Litigant

Counsel for   **La Huerta Norte, Inc.**

**Kent A. Gaertner P.C.**
**400 S. County Farm Rd.**
**Suite #330**
**Wheaton, IL 60187**
**(630) 510-0000 Fax:(630) 510-0004**
**kgaertner@springerbrown.com**